ANDERSON v. FOREST CITY NAT. BANK OF ROCKFORD, ILL.

(Circuit Court of Appeals, Seventh Circuit.   December 10, 1918.)

No. 2613.

BANKRUPTCY ⬥⟾408(4)—RIGHT TO DISCHARGE—CONCEALMENT OF ASSETS.

Failure of a bankrupt to schedule his interest in his deceased father's estate, where, after payment of a note which he owed the estate, he had no valuable interest, is not a fraudulent concealment of assets, which will defeat his right to a discharge.

Appeal from the District Court of the United States for the Western Division of the Northern District of Illinois.

In the matter of C. L. Anderson, bankrupt.  From an order denying his discharge, the bankrupt appeals.  Reversed.

Roy F. Hall, of Buffalo, N. Y., for appellant.

Before BAKER, MACK, and ALSCHULER, Circuit Judges.

ALSCHULER, Circuit Judge.   The subject-matter of this appeal is the denial of appellant's application for discharge in bankruptcy. The ground of the denial was that the bankrupt, in fraud of his creditors, failed to schedule an interest in the estate of his father, a resident of Iowa, who had died a short time before the filing of appellant's petition in bankruptcy.   It appears from the record that the father left a will in which he bequeathed a farm in Iowa, one-third to his wife and two-thirds to his three children.   But it further appears that some time before his death, and after making the will he sold the farm, making no provision in the will for disposition of the proceeds.in such case, whereby the proceeds of the farm, the large bulk of the estate, became intestate estate, which descended one-third to the mother and the rest to the three children equally.

The record shows that the estate of deceased consisted of a purchase-money mortgage on this farm for about $11,000, and a note, which the bankrupt owed his father, of nearly $3,000, with interest at 6 per cent. for about nine years.   Appellant testified that he did not know what his father's will contained, but assumed all along that his father had left all his property to his mother.   The will, while filed in the court in Iowa some time in May, was not admitted to probate until November, which was after the petition in bankruptcy was filed.   It seems that shortly thereafter the trustee in bankruptcy had a copy of the will, and that he knew of its contents, before the bankrupt says

he found it out; but he took no steps to recover for the creditors any part of the estate of deceased. Bankrupt's mother and the county clerk in Iowa and the attorney in charge of the estate all testified that they had not informed Anderson, who resided at Rockford, Ill., of the contents of the will. One Waterman testified that before the bankruptcy Anderson had told him that he expected to build a house in Rockford with some money he would get from Iowa, and that it was his impression that Anderson said the money would come from his father's estate, but Waterman was not certain about this. Anderson said that he did say to Waterman that he would get some money from Iowa, but that he expected the money was to come from his mother, who had told him that, when she got the money, she would let him have some to build a house with.

But, apart from the evidence of appellant's knowledge or want of it upon this subject, the undisputed evidence of the actual value and extent of the bankrupt's interest in his father's estate makes it plain that, after deduction of the note he owed the father's estate, he had no valuable interest remaining which could be the subject of concealment or of fraudulent withholding from the trustee. His failure to schedule any interest in his father's estate, if in fact he had none, will not sustain the objection made to his discharge in bankruptcy.

The order of the District Court denying plaintiff's discharge is reversed, with direction for further proceedings not inconsistent herewith.